IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Melissa Vaughn,<br>1177 Witt Road #110<br>Cincinnati, OH 45255 | : Case No.: |
| | : **COMPLAINT** |
| Plaintiff, | : **Jury Demand Endorsed Hereon.** |
| vs. | : |
| Equityexperts.Org Midwest LLC.,<br>A Foreign Limited Liability Company<br>C/O Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Oh 43215 | :<br><br>:<br><br>: |
| | : |
| And | |
| Michael Novak,<br>2000 Town Center Suite 1900<br>Southfield MI 48075 | |
| And | |
| Gar Liebler,<br>4089 Atwell<br>Dryden, MI 48428 | |
| Jamestowne Village Condominium<br>Owner's Association, Inc.<br>a domestic corporation<br>c/o Amy S. Ferguson<br>10655 Springfield Pike<br>Cincinnati, OH 45215 | |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, MELISSA VAUGHN, BY AND THROUGH COUNSEL, RICHARD P. GABELMAN, and for her Complaint against the Defendants, pleads as follows

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. Venue is proper in the Southern District of Ohio as the Defendant conducts business in the entire State of Ohio.

## PARTIES

3. Melissa Vaughn is an individual residing in Cincinnati, Ohio in Hamilton County.

4. EquityExperts.Org Midwest LLC is a foreign limited liability company that conducts business in the State of Ohio.

5. Michael Novak, an individual, who at all relevant times, managed and/or controlled co-Defendant EquityExperts.Org, California, LLC and controls its day-to-day operations. Michael Novak also sets and maintains collection policy for EE.

6. Gar Liebler, an individual, who at all relevant times, has held himself out as a "Visionary" for EE and is, in reality, a paid consultant to EE, rendering advice about policy and procedures at EE, including debt collection policy.

2

7. Jamestowne Village Condominium Unit Owner's Association, Inc. is the homeowner's association ("HOA") in which Plaintiff's property is located. It is a domestic corporation conducting business in Cincinnati, OH.

## GENERAL ALLEGATIONS

8. Plaintiff owned and resided in a condominium that was part of a homeowners association called Jamestowne Village Condominium Unit Owner's Association. As part of her obligation to the HOA, Plaintiff was required to pay the sum of $266 per month.

9. Plaintiff became late in paying her debt to the HOA by several months. Indeed, as of June 23, 2020, Plaintiff owed the HOA the sum of $1,239.56 ("the Debt").

10. The HOA eventually turned the collection of the Plaintiff's balance over to Defendant Equityexperts.org ("EE").

## ABOUT EQUITYEXPERTS.ORG

11. EE's business model is to act as a collection agent for various HOAs. Because the debts collected by EE are incurred primarily by consumers for personal, family and/or household use, EE is governed by the Fair Debt Collection Practices Act.

12. Moreover, EE's business model is such that it charges no costs or fees to the HOAs on behalf of which it attempts to collect debts. Defendant merely provides a schedule of fees to a HOA board of directors and informs that it will merely seek these costs from the delinquent homeowner only. Moreover, over the past several

years and to this day, EE has advertised on its website that it does not charge fees and costs to HOAs, thereby incentivizing HOAs to sign these contracts with EE.

13. EE, pursuant to its written contract with the HOA, unilaterally assesses a schedule of fees that have no basis in fact. These charges are highly inflated and designed to line EE's pockets rather than reflect a cost to the consumer or HOA for the cost of collection plus a reasonable profit. EE assesses these charges to consumers quickly so that a small debt that may be owed to an HOA, quickly grows to unconscionable amounts in a very short time period. These fees are unreasonable and unconscionable and as assessed in unconscionably quickly. These costs and their rate of assessment violate the Fair Debt Collection Practices Act.

14. For example, immediately upon placement of a debt by an HOA, EE charges the consumer $270, simply for sending out its standard, boilerplate dunning letter (Ex 1). It also charges $350 as a flat fee to beginning sending the consumer, such as the Plaintiff, additional boilerplate dunning letters, plus the sum of $100 per letter. When the consumer fails to respond, EE charges the consumer an additional $650 to continue its practice of sending out its boilerplate "pay or else bad things will happen to you" demand letters.

15. EE's business model is very popular with HOAs such as Jamestowne Village because EE charges no costs or fees to the HOA. It merely seeks these fees and costs from the consumer.

16. EE merely provides its unilaterally composed and highly inflated schedule of fees to an HOA board of directors along with its contract and informs the HOA that it need not worry about paying anything as it will milk all of its money from the helpless consumer. Typically, the HOA board of directors signs a contract reciting these terms with Defendant without ever amending its bylaws or passing resolutions allowing Defendant EE to unilaterally charge its Bogus Fees to the homeowner.

17. In connection with its attempts to collect the Debt from Plaintiff, the Defendant has also attempted to collect a raft of unconscionably high charges from the Plaintiff.

18. On or about September 14, 2020, Defendant sent Plaintiff a letter attempting to collect the Debt. In its letter, Defendant stated that because the Plaintiff has not paid her debt in full, that it filed a lien against Plaintiff's property and that it now is adding a "collection fee" of $598.00. (Ex 2). Interestingly, no such fee is apparent from the EE's ledger of the Plaintiff's account (Ex 1). This fee was never assessed, and even if it were, it would have been unconscionable and in violation of the Fair Debt Collection Practices Act. Defendant EE misled the Plaintiff into believing that a $598 fee was even legal, or legally assessable to her.

19. On or about September 15, 2020, Plaintiff received a copy of the Statement and Affidavit of Lien that was filed by EE and the HOA. In that lien, Plaintiff's non

payment of her debt skyrocketed from $1,239.56 as of June 23, 2020 to $2,661.84 as of August 24, 2020, a difference of $1,442.28 over 2 months. Neither Defendant nor its client HOA incurred any costs of this amount over 2 months to collect the Plaintiff's outstanding balance of $1,239.56. These fees are unconscionably high.

20. On or about November 19, 2020, Defendant sent Plaintiff a Statement of Account stating that Plaintiff owed a balance of $4,336.98. While Plaintiff only owed the HOA a debt of $1,239.56, the Defendant unilaterally assessed and attempted to collect the following inflated and unconscionable charges, none of which Plaintiff ever had any obligation to pay:

   a. Dunning letter — $270
   b. Lien Recording and discharge fee — $395
   c. Multi file charge — $34
   d. Escalation fee (Dunning letter series 2) — $350
   e. 3 dunning letters in series 2 — $300
   f. Post Outreach Lien Enforcement (Dunning letter series 3) — $650

21. None of the above referenced charges were ever agreed to by the Plaintiff nor were they ever authorized by law. Plaintiff never had any duty to pay any of these charges. These fees, as charged by EE are inflated, unconscionable and in violation of the Fair Debt Collection Practices Act.

## The Ultra Vires Agreement between EE and the HOA

22. A contract of a corporation which is "ultra vires," or outside the object of its creation, is beyond the powers conferred upon it by the legislature. An ultra vires contract is not only voidable, but wholly void, and is of no legal effect. The objection to the contract is not merely that the corporation should not have made it, but that it could not make it. Such a contract cannot be ratified by either party, because it could not have been authorized by either party. No performance on either side can give the unlawful contract any validity or be the foundation of any right of action upon it. *Jacksonville, M., P. Ry. & Nav. Co. v. Hooper*, 160 U.S. 514, 524, 16 S. Ct. 379, 383, 40 L. Ed. 515 (1896).

23. In this case, the HOA was **not** empowered to collect these large collection charges in connection with collecting debts owed by its members. Consequently, the HOA lacked authority to empower EE to collect these Bogus Charges. The purported agreement between EE and the HOA was ultra vires to the HOA and thus void ab initio; not voidable, but void.

24. Gar Liebler and Michael Novak, each are the architects of this scheme to collect money from the Plaintiff, under the guise of collecting money for the co-defendant HOA. Each of these gentlemen is a debt collector under the FDCPA and have directed EE to collect these unreasonable and unconscionable amounts.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT at 15 U.S.C. §1692, *et seq.* by EE, Novak, and Liebler

25. Plaintiff reincorporates the preceding allegations by reference.

26. At all relevant times, EE, Novak, and Liebler (collectively "EE Agents"), in the ordinary course of their business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities. Novak and Liebler are agents of EE. These gentlemen direct policy and procedure at EE, including the formulation and implementation of collection policies. They are, therefore, responsible for EE's actions and breaches of EE's duties, including those under the Fair Debt Collection Practices Act.

27. While Novak's wife owns Defendant EE, Novak himself, along with others, manage the day-to-day operations. Both Novak and Liebler control and determine collection policy for EE and each is a "debt collector," as well as EE, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

28. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt, as it was incurred for personal, family or household use.

29. EE Agents violated the following provisions of the Fair Debt Collection Practices Act:

8

a. 15 U.S.C. §1692e which prohibits a debt collector from engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant's unconscionably and unreasonably high fees and the machine gun rate at which they assessed them to the Plaintiff has harassed, oppressed and abused her while the defendants have attempted to collect the paltry HOA debt from her.

b. 15 U.S.C. §1692e which prohibits a debt collector from using any false, deceptive or misleading representations or means in connection with the collection of a debt. Defendants violated this provision of the FDCPA by misrepresenting to Plaintiff that she owed the fees that EE had unilaterally assessed and that she was liable for these charges. These charges were unreasonable and had no basis in fact or law.

c. 15 U.S.C. §1692f which prohibits a debt collector from use unfair or unconscionable means to collect or attempt to collect any debt. Defendant's unconscionably and unreasonably high fees and the machine gun rate at which they assessed them to the Plaintiff has harassed, oppressed and abused her while the defendants have attempted to collect the paltry HOA debt from her.

30. As a direct and proximate cause of these Defendants' violation of the FDCPA, the Plaintiff has suffered pecuniary and emotional damages.

**WHEREFORE, PLAINTIFFS PRAY** that this court grants her a judgment against Defendant for statutory and actual damages, costs, interest, and attorneys' fees.

### PRAYER FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against Defendant:

 A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

 B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

 C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

 D. Such other and further relief as may be just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Dated: 04/23/2021                    Respectfully submitted,


                                     /s/Richard P. Gabelman
                                     Richard P. Gabelman, Esq. (#0074642)
                                     6071 Montgomery Road
                                     Cincinnati, Ohio 45213
                                     (513) 321-7733
                                     FAX (513) 321-7740
                                     Email: gabelmanrich@hotmail.com
                                     *Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MELISSA VAUGHN, <br> 1177 Witt Road #110 <br> Cincinnati, OH 45255 | : | Case No.: |
| | : | **COMPLAINT** |
| Plaintiff, | : | **Jury Demand Endorsed Hereon.** |
| vs. | : | |
| EQUITYEXPERTS.ORG MIDWEST LLC, <br> a foreign limited liability company <br> c/o Corporation Service Company <br> 50 West Broad Street, Suite 1330 <br> Columbus, OH 43215 | : <br><br> : <br><br> : <br><br> : | |
| MICHAEL NOVAK, GAR LIEBLER, AND JAMESTOWNE VILLAGE CONDOMINIUM OWNER'S ASSOCIATION, INC. <br> a domestic corporation <br> c/o Amy S. Ferguson <br> 10655 Springfield Pike <br> Cincinnati, OH 45215 | | |
| Defendants. | | |

## INDEX OF EXHIBITS TO COMPLAINT

EquityExperts's ledger of Plaintiff's account, dated November 19, 2020 ...Exhibit 1

EquityExperts' letter to Plaintiff, dated September 14, 2020 ......................Exhibit 2

```
Equity Experts
6632 Telegraph RD. Suite #339
Bloomfield Hills, MI 48301
PHONE 248-601-6766
(248) 601-6766
```

November 19, 2020

```
MELISSA VAUGHN
1177 WITT RD 110
CINCINNATI, OH 45255
```

STATEMENT OF ACCOUNT

```
For account of.........: MELISSA VAUGHN
Our client.............: JAMESTOWNE VILLAGE CONDOMINIUM UNIT OWNER'S ASSOCIATION
Account #..............: T1642747
Please refer to ourfile: 16285
Creditor...............: JAMESTOWNE VILLAGE CONDOMINIUM UNIT OWNER'S ASSOCI
```

Starting balance......$: 1239.56     Principal open balance

```
 #   Date         Pmt/Adj     Paid       Accrued    Unpaid     Unpaid     Unpaid      New
                              Princip    Interest   Princip    Interest   Oth Chges   Balance
 ---  ----------  ----------  --------   --------   --------   --------   ---------   -----------
 0   06/23/2020                                     1239.56    0.00                   1239.56
                              Principal open balance
 ---  ----------  ----------  --------   --------   --------   --------   ---------   -----------
 0 M 06/26/2020     270.00     0.00       0.00      1239.56    0.00        270.00     1509.56
                              DUNNING LETTER -
 0 N 07/01/2020     266.14     0.00       0.00      1505.70    0.00        270.00     1775.70
                              HOA MO DUES -
 0 N 07/10/2020      25.00     0.00       0.00      1530.70    0.00        270.00     1800.70
                              HOA LATE FEE -
 0 N 08/01/2020     266.14     0.00       0.00      1796.84    0.00        270.00     2066.84
                              HOA MO DUES -
 0 N 08/10/2020      25.00     0.00       0.00      1821.84    0.00        270.00     2091.84
                              HOA LATE FEE -
 0 M 08/24/2020     395.00     0.00       0.00      1821.84    0.00        665.00     2486.84
                              LIEN RECORDING AND DISCHARGE: $395.00 -
```

STATEMENT OF ACCOUNT FOR OURFILE: 16285

```
 #   Date         Pmt/Adj     Paid       Accrued    Unpaid     Unpaid     Unpaid      New
                              Princip    Interest   Princip    Interest   Oth Chges   Balance
 ---  ----------  ----------  --------   --------   --------   --------   ---------   -----------
 0   08/24/2020                                     1821.84    0.00        665.00     2486.84

 0 M 08/24/2020     175.00     0.00       0.00      1821.84    0.00        840.00     2661.84
                              FILE MANAGEMENT LIEN FEE TOWNE -
17C  08/31/2020      34.00     0.00       0.00      1821.84    0.00        874.00     2695.84
                              60030-Multiple files -  -OURFILE: 16285 - HAMILTON COUNTY RECORDERS OFFI
 0 N 09/01/2020     266.14     0.00       0.00      2087.98    0.00        874.00     2961.98
                              HOA MO DUES -
 0 N 09/10/2020      25.00     0.00       0.00      2112.98    0.00        874.00     2986.98
                              HOA LATE FEE -
```

Exhibit 1                                              11/19/2020    Page 1

Ourfile: 16285;



**EQUITY EXPERTS**
ASSOCIATION COLLECTION SPECIALISTS

September 14, 2020

Melissa Vaughn
1177 Witt Rd 110
Cincinnati, OH 45255

2391 Pontiac Rd. • Auburn Hills, Michigan 48326

(248) 601-6766 • (855) 321-3973 • info@equityexperts.org

**EQUITYEXPERTS.ORG, LLC IS A DEBT COLLECTOR. THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Dear MELISSA VAUGHN:

EquityExperts.org LLC is a debt collector. We are attempting to collect a debt on behalf of JAMESTOWNE VILLAGE CONDOMINIUM UNIT OWNER'S ASSOCIATION. The debt relates to your membership in the association and the property located at 1177 WITT RD 110, CINCINNATI, OH 45255.

In a previous letter, we advised you that if the debt was not paid, a lien would be filed against your property and additional collection charges would be added to your debt. Unfortunately, we have not received full payment of the debt. Accordingly, this letter is your notice that a lien has been mailed for recording against your property. A $598.00 collection fee, actual attorney's fees incurred to prepare the lien and actual filing fees have been charged to your association, who will add these charges to your balance.

The balance due on this debt is $2,661.84 as of August 24, 2020. This balance takes into account any payments that may have been received and includes the additional costs that were mentioned above. It may also include new assessments, late fees, interest, fines, or other charges that may have become due since the date of our last letter.

We wish to help you resolve this debt. Please contact us as soon as possible. If you call, we may be able to offer you a payment plan that you can afford. However, if the balance is not paid or if you do not agree to an acceptable payment plan within (10) days of this letter, we will escalate our collection process and an additional collection charge will be added to your balance. Any additional amounts that are added to your account balance after the date of this letter must also be paid to release a lien on the property.

On behalf of JAMESTOWNE VILLAGE CONDOMINIUM UNIT OWNER'S ASSOCIATION, we want to work with you to resolve this debt now and avoid any additional charges. Please contact us at (855) 321-3973 to pay your balance or to discuss payment arrangements.

Note: For timely processing of your payment, it must be made out to Equity Experts and mailed to our address above. You may also call our office to pay by credit card.

Thank you,

Equity Experts

Exhibit 2