**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MELISSA VAUGHN,                                    Case No. 1:21-cv-291

      Plaintiff,

                                                       Dlott, J.

      vs                                                   Bowman, M.J.

EQUITYEXPERTS.ORG, LLC, et al.,

      Defendants.

**REPORT AND RECOMMENDATION**

In this civil action, Plaintiff asserts a claim under the Fair Debt Collection Practices Act based on her alleged failure to pay her Homeowner's association's monthly assessments.  This matter is now before the Court on Defendants' motion to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The motion is now fully ripe and ready for the Court's review. Upon careful consideration, the undersigned finds that Defendants motion should be granted in part and denied in part.

**I.     Background and Facts**

This case arose out of a dispute over homeowners' association dues; the undisputed facts are as follows. Plaintiff Melissa Vaugh is a member of Defendant Jamestowne Village Condominium Owner's Association, Inc. Doc. 14, at 2.

As part of the Association, Plaintiff's property was subject to covenants and restrictions, and is governed by the Declaration. Plaintiff at some point in time, not noted in either her Complaint or Amended Complaint, purchased, owned, and resided in a property (the "Property") that was subject to the covenants and restrictions of the

Association. See Doc. 1, ¶ 8. The use and enjoyment of the Property is and has at all relevant times been governed by the recorded Declaration of Covenants, Conditions and Restrictions of the Association ("Declaration") and accompanying Bylaws ("Bylaws") ("Declaration" and "Bylaws", together, the "Governing Documents"). These Governing Documents are public record, having been filed with the Hamilton County, Ohio, Clerk & Recorder. See Doc. 13, Ex 1 (Declaration) & Exhibit 2 (Bylaws).[1]

The Governing Documents explain that the Association was established pursuant to O.R.C. § 5311 et seq., which governs Ohio condominium associations. See Exhibit 1, pg. 3, recitals; see also pg. 3, "Unit Owners Association"; pg. 8. Article IV, "General". Membership in the Association ceases upon sale or disposal of property located in the Association. See Exhibit 1, pg. 12, Article V. Pursuant to the provisions of the Governing Documents for the Association, the Plaintiff for so long as she owned the Property agreed to pay the Association's monthly assessments, including expenses and reasonable attorneys' fees related to any past-due assessments. See Doc. 1, Ex. 1, pg. 18, "Assessments"; Ex. 2; Article VI, General Provisions, pgs. 11-12.

Plaintiff was required to pay $266 per month in monthly assessments to the Association as part of her obligation. At some point in time but prior to June 23, 2020, Plaintiff failed to make several of her monthly assessment payments. Plaintiff's opening principal balance was $1,239.56. The Association then retained Defendant Equity Experts to collect Plaintiff's debt.  On September 14, 2020, Equity Experts sent Plaintiff a letter detailing the amounts owed to the Association and inviting Plaintiff to resolve the balance

---

[1] Plaintiff did not file these documents with her Complaint; however, these documents are referenced throughout the entire Complaint and are central to the Plaintiff's Complaint and should be incorporated as documents integral thereto. *Group, Inc. v. FirstMerit Bank, N.A.*, 492 Fed. Appx. 518, 522 n. 1 (6th Cir. 2012); see also, *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

before any additional costs or fees were incurred.

On or about September 15, 2020, Plaintiff received a copy of the Statement and Affidavit of Lien that was filed by EE and the HOA. In that lien, Plaintiff's nonpayment of her debt increased from $1,239.56 as of June 23, 2020 to $2,661.84 as of August 24, 2020.

On or about November 19, 2020, Defendant sent Plaintiff a Statement of Account stating that Plaintiff owed a balance of $4,336.98.

Thereafter, Plaintiff filed this lawsuit on April 23, 2021, asserting violations of the Fair Debt Collection Practices Act against Defendant Equity Experts, Defendant Novak, and Defendant Gar Liebler. (Doc. 12).  Plaintiff further asserted a breach of fiduciary duty claim against Defendant Jamestowne. On August 16, 2021, Defendants Jamestowne, Equity Experts, and Mr. Novak filed a Motion to Dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. Plaintiff subsequently filed an Amended Complaint on September 9, 2021.

This matter is now before the Court on Defendants Supplemental Motion to Dismiss Plaintiff's Amended Complaint for lack of jurisdiction and failure to state a claim for relief (Doc. 13) and the parties' responsive memoranda. (Docs. 14, 15).

**II. Standards of Review**

Defendants have moved to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), or, alternatively, pursuant to Fed. R. Civ. P. 12(b)(6).

*A. Subject matter jurisdiction under Rule 12(b)(1)*

Motions to dismiss under Rule 12(b)(1) can assert either facial attacks or factual attacks on a court's subject matter jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States,*

922 F.2d 320, 325 (6th Cir. 1990). Where a facial attack on the subject matter jurisdiction alleged by the complaint is made, the moving party merely questions the sufficiency of the pleading. Id. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true. Id. On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. Id. The court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." Id.

A motion to dismiss based on subject matter jurisdiction generally must be considered before a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Pritchard v. Dent Wizard Int'l Corp*., 210 F.R.D. 591, 592 (S.D. Ohio 2002) (citing Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990)) (explaining that a Rule 12(b)(6) challenge becomes moot if the court lacks subject matter jurisdiction).

*B. Failure to state a claim under Rule 12(b)(6)*

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The Court is required to construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations in the complaint as true. *Lewis v. ACB Business Servs., 135 F.3d 389*, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences that are presented as factual allegations. *Id.* A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Id.* at 406. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds'

of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Factual allegations therefore "must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

### III. Analysis

Defendants contend that dismissal of Plaintiff's Amended Complaint is appropriate under both Rule 12(b)(1) and Rule 12(b)(6). For the reasons that follow, the undersigned finds Defendants' motion is well-taken, in part, and should be denied, in part.

### A. Jurisdiction

Defendants argue first that Plaintiff's Amended Complaint fails to establish standing under Article III. Notably, Article III limits the judicial power to resolving actual "Cases" and "Controversies," not theoretical questions. U.S. Const. art. III, § 2. And one "telltale" of a case or controversy is that "the parties have standing to bring it." *Hagy v. Demers & Adams*, 882 F.3d 616, 620 (6th Cir. 2018). Although the term "standing" does not appear in Article III, our standing doctrine is "rooted in the traditional understanding of a case or controversy" and limits "the category of litigants empowered to maintain a lawsuit in federal court[.]" *Spokeo, Inc. v. Robins*, 578 U.S.330, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). The effect is to confine "the federal courts to a properly judicial role[.]" *Id*.

There are three elements to standing. The plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that

is likely to be redressed by a favorable judicial decision." *Id.* The plaintiff carries the burden of establishing those three elements, and at the pleading stage, the plaintiff must clearly allege facts demonstrating each element. *Id*. Moreover, the injury in fact must be both "(a) concrete and particularized, ... and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks and citations omitted).

Defendants contend that Plaintiff has not alleged a scintilla of factual information suggesting she suffered any actual damages or injury-in-fact. *Spokeo*, 136 S. Ct. at 1550. That the FDCPA is a strict liability statute does not make up for a plaintiff's failure to chronicle or actual damages or injury in fact and overcome a plaintiff's failure to meet her constitutional standing requirement. *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979); *Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.,* 454 U.S. 464, 487 n. 24 (1982); 15 U.S.C. § 1691k.

In this regard, Defendant contends that Plaintiff is silent regarding any actual harm or actual injury that has befallen her or how the proximate cause of any of these circumstances relates either to the actions of her Association or Equity Experts. According to Defendant, Plaintiff's lawsuit does not level a challenge to the work of the Association and Equity, instead she has named individuals as defendants in this litigation and has used her Complaint and Amended Complaint to at best insult them and their families. None of these allegations chronicle any injury she suffered sufficient to confer Article III standing simply from her failure to pay her Association dues and getting turned over to a collection agency. Defendants' contentions are not well-taken at this time.

Upon careful review, the undersigned finds that Plaintiff asserts a claim under

federal law: that she was injured due to Defendants' violation of the FDCPA. Plaintiff alleges that Equity Expert's continued attempts to collect unreasonable and unauthorized fees and charges not only violated the FDCPA but caused pecuniary and emotional damages to Plaintiff. (Doc #12, ¶30.) Plaintiff was unable to pay the correct amount owed based upon Defendants' deceptive fees and charges. Defendant's false and deceptive means to collect a debt resulted in Plaintiff suffering emotional distress, anxiety, humiliation, embarrassment, worry, and nervousness as Plaintiff was unable to meet her financial obligations. (Doc #12, ¶32.) The repeated attempts to collect the unauthorized and unreasonable charges and fees resulted in Plaintiff suffering anxiety, worry, and stress regarding Defendants' unauthorized collection efforts. (Doc #12, ¶33.) Thus, Plaintiff demonstrated that she sustained injuries sufficient to give rise to standing to bring her claims against Defendants under the FDCPA. Because Plaintiff alleges injury due to abusive debt collection practices, her Amended Complaint sufficiently satisfies the statutory scope of federal question jurisdiction as well. Because there is both statutory and constitutional federal question authority, this court may exercise subject matter jurisdiction. Defendant's Motion to Dismiss for lack of subject matter jurisdiction should accordingly be denied.

**B.  Count I - Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**

Congress enacted the FDCPA in order to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). To state a claim under the FDCPA, a pleading must allege facts showing: (1) the plaintiff is a consumer; (2) the debt arises out of a transaction that is primarily for personal, family, or household purposes; (3) the defendant is a "debt collector" as defined by the FDCPA;

and (4) the defendant violated the FDCPA. *Smith v. Nationstar Mortg.*, LLC, 756 Fed. Appx. 532, 535-36 (6th Cir. 2018) (citing *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012)).

Count I of Plaintiff's First Amended Complaint alleges the following FDCPA violations by Equity Experts, Novak and Gary Liebler:

> a. 15 U.S.C. §1692e which prohibits a debt collector from engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant's unconscionably and unreasonably high fees and the machine gun rate at which they assessed them to the Plaintiff has harassed, oppressed and abused her while the defendants have attempted to collect the paltry HOA debt from her.

> b. 15 U.S.C. §1692e which prohibits a debt collector from using any false, deceptive or misleading representations or means in connection with the collection of a debt. Defendants violated this provision of the FDCPA by misrepresenting to Plaintiff that she owed the fees that EE had unilaterally assessed and that she was liable for these charges. These charges were unreasonable and had no basis in fact or law.

> c. 15 U.S.C. §1692f which prohibits a debt collector from use unfair or unconscionable means to collect or attempt to collect any debt. Defendant's unconscionably and unreasonably high fees and the machine gun rate at which they assessed them to the Plaintiff has harassed, oppressed and abused her while the defendants have attempted to collect the paltry HOA debt from her.

(Doc #12, ¶29.)

Upon careful review, the undersigned finds that plaintiff's Amended Complaint fails to allege sufficient facts to state a claim under FDCPA against Defendants Novak and Liebler.

### A. FDCPA Claim against Defendants Novak and Liebler.

Looking to the Amended Complaint, Plaintiff alleges that she was harmed by the alleged violations, namely that she suffered anxiety, worry, and stress. (Doc. 12, at 10).

Taking that allegation as true gives this court a reasonable basis to infer she meets the first element of her claim. Though Plaintiff does not appear to provide explicit support for the second element, it can be reasonably inferred that the "debt" in question, the disputed HOA fees, satisfy the second element of her claim. To support the third element, Plaintiff alleges that Defendants Liebler and Novak assisted in management operations, as well as controlled and determined policy for EquityExperts, making them "debt collectors", as defined under 15 U.S.C. § 1692(a)(6). However, that section later precludes from the definition any officers or employees of a creditor, while in the name of the creditor, collecting debts for such creditor. Id.  Because Plaintiff plead no other facts in connection with this assertion for the third element, this court has no other basis for finding any reasonable basis to possibly infer that Defendants Liebler and Novak are liable. Even assuming Plaintiff provided sufficient support for her three alleged violation of the FDCPA, her Amended Complaint fails to furnish a basis that would establish liability to Defendants Liebler and Novak.

Accordingly, Plaintiff's claims against Defendants Novak and Leibler fail to state a claim for relief under the FDCPA and should be dismissed.

*B.  Plaintiff's FDCPA claim against EquityExperts should proceed at this time.*

With respect to Defendant Equity Experts, the undersigned finds that Plaintiff's Amended Complaint has alleged sufficient facts to state a claim under the FDCPA.

Here, unlike Novak and Liebler, Equity Experts purports to be a debt collector as defined by FDCPA. (See Doc #13-1, Page ID 103.).  The last element of a FDCPA claims requires Plaintiff to show that Defendant violated the FDCPA.  In moving to dismiss, Defendants contend that plaintiff has alleged no facts (as opposed to conclusory

statements) suggesting acts or circumstances Equity Experts is responsible for that violate these provisions of the law.  Defendants' contentions are not well-taken at this time.

In support of Plaintiff's claims that Equity Experts violated the FDCPA, Plaintiff provided the letter and ledger from Equity Experts showing the collection of inflated, unconscionable, and unreasonable charges and attorney fees which were never incurred as described in Plaintiff's complaint: $270.00 for simply sending out a standard boiler plate dunning letter; a $350 flat fee, plus the sum of $100.00 per additional boilerplate dunning letters; and then an additional $650.00 to continue the practice of sending out its boilerplate demand letters; and a $395 lien recording and discharge fee. (Doc #12, ¶20.) Plaintiff's nonpayment of her debt increased from $1,239.56 as of June 23, 2020, to $2,661.84 as of August 24, 2020, a difference of $1,442.28 over 2 months. (Doc #12, ¶19.)  Plaintiff alleges that none of these charges were ever agreed to by Plaintiff nor were they authorized by law. (Doc #12, ¶21).

At this stage of the litigation and without the benefit of discovery, the undersigned finds plaintiff has alleged sufficient facts to state a claim under the FDCPA as to Equity Experts.

### B. Count II – Breach of Contract

Count II of Plaintiff's complaint asserts that Defendant HOA breached its fiduciary duty by entering into a contract with Defendant EquityExperts.  Namely, Plaintiff asserts the "breach of fiduciary claim is based upon the HOA entering into an *ultra vires* and void agreement with Equity Experts, which allowed Equity Experts to charges fees that are well beyond the costs of collection as reference in the underlying HOA governing

documents." (Doc. 14; citing Doc. 12 at ¶ 37). Plaintiff further contends that Defendant HOA also breached its fiduciary duty to the Plaintiff by failing to establish any factual basis for the fees listed in the purported contract between the HOA and Equity Experts and simply allowing Equity Experts to unilaterally dictate and extract money from the Plaintiff that are unrelated to costs.

Plaintiff's breach of fiduciary duty largely rests on the contention that the contract between Defendants Jamestowne and Equity Experts was *ultra vires*.[2]   In a similar fashion to her prior FDCPA claim, Plaintiff provides little factual support for the allegations set forth in the Amended Complaint. Breach of fiduciary duty is governed by state law, but the elements are generally duty, breach, causation, and damages.[3] Plaintiff first asserts that Defendant Jamestowne owed a fiduciary duty to her, citing the Covenants, Conditions, and Restrictions in the Homeowners Association's Declaration, though Plaintiff does not explicitly provide the relevant language therein. (Doc. 12, at 10). Plaintiff then proceeds to conclude that Defendants breach their duty to Plaintiff by entering into a contract with each other, and by not furnishing Plaintiff with a list of fees in the purported contract. Id. Plaintiff contends Defendant Equity Experts unilaterally dictated and extracted fees from Plaintiff but again fails to furnish any factual support for her assertion. Lastly, Plaintiff states that Defendants were the "direct and proximate" cause of her injury, which she lists as "mental, emotion, and financial damages."

In moving to dismiss Plaintiff's claims, Defendant contends that Plaintiff fails to

---

2 Acting outside the scope of one's authority. See https://www.law.cornell.edu/wex/ultra_vires.
3 To state a claim for breach of fiduciary duty, the Beneficiaries must allege (1) the existence of a duty arising from a fiduciary relationship, (2) a failure to observe the duty, and (3) an injury resulting proximately therefrom. *Jacobs v. Jacobs*, No. 1:07CV1043, 2008 WL 828079, at *8 (N.D. Ohio Mar. 26, 2008); citing *Strock v. Pressnell*, 38 Ohio St.3d 207, 527 N.E.2d 1235, 1244 (Ohio 1988).

allege sufficient facts necessary to state a claim for breach of contract and/or breach of fiduciary duty. The undersigned agrees. Here, Plaintiff has wholly failed to provide this court with any basis for reasonably inferring Defendant's liability. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted). Plaintiff's breach of fiduciary duty claim lacks even minimal factual support, and fails allege how Defendant violated the law. Accordingly, Defendant's Motion to Dismiss for failure to state a claim upon which relief should be granted with respect to Plaintiff's breach of fiduciary duty claim as well.

## IV. Conclusion

In light of the foregoing, **IT IS RECOMMENDED THAT: (1)** Defendants' motion to dismiss (Doc. 13) be **GRANTED, in part,** with respect to Plaintiff's FDCPA claims against Defendants Novak and Liebler and Plaintiff's claim for breach of contract against Defendant Jamestowne Village Condo Owner's Association**;** and (2) Defendants' motion to dismiss (Doc. 13) be **DENIED, in part,** with respect to Plaintiff's FDCPA claims against Defendant Equity Experts.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MELISSA VAUGHN,                                    Case No. 1:21-cv-291

      Plaintiff,

                                           Dlott, J.

      vs                                                Bowman, M.J.

EQUITYEXPERTS.ORG, LLC, et al.,

                            Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).