IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Melissa Vaughn, | : | |
| Plaintiff, | : | Case No. 1:21-cv-291 |
| | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting in Part Defendant's Motion |
| EquityExperts.org Midwest, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Motion to Supplement, Incorporate, and for Oral Argument on Dispositive Motions filed by Defendant EquityExperts.org Midwest, LLC. (Doc. 63.) Separately pending are cross-Motions for Summary Judgment. (Docs. 41–43.)

Defendant learned after it had filed its Motion for Summary Judgment that Plaintiff was engaged in bankruptcy proceedings, but she had not disclosed either the bankruptcy proceeding in this case or this case in the bankruptcy proceeding. (Doc. 49.) Defendant raised the defense of judicial estoppel—based on Plaintiff's failure to disclose the bankruptcy proceeding—in its Memorandum in Opposition to Plaintiff's Motion for Summary Judgment. Plaintiff, then, in her Reply brief, argued that judicial estoppel was inappropriate because she remedied her "mistake" by amending the bankruptcy filings to disclose the existence of this case. (Docs. 59, 62.)

Defendant now seeks leave to file a sur-reply to address Plaintiff's contention that her failure to disclose this case in the bankruptcy proceeding was a mistake. It also seeks to incorporate the sur-reply into its Motion for Summary Judgment briefing so that judicial estoppel can be considered an affirmative basis to grant it summary judgment, not merely a defense to Plaintiff's summary judgment. Finally, Defendant requests oral argument on the summary

judgment briefs.

Defendant's Motion to Supplement, Incorporate, and for Oral Argument on Dispositive Motions is **GRANTED IN PART**. (Doc. 63.) Plaintiff and Defendant each have two weeks from the date of this Order to file a five-page supplemental brief on judicial estoppel. The parties are encouraged to address not only the issue of whether Plaintiff acted in bad faith, but also whether the bankruptcy court relied on Plaintiff's initial non-disclosure of this case as a preliminary matter or as part of its final disposition before she remedied her omission. *See Assasepa v. JPMorgan Chase Bank*, 2012 U.S. Dist. LEXIS 3491, at *35 (S.D. Ohio Jan. 11, 2012) ("The Sixth Circuit has held that in the bankruptcy context, judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition.") (cleaned up). The Court will consider the issue of judicial estoppel to be raised by Defendant as a basis for granting it summary judgment and for denying Plaintiff summary judgment. Finally, the Court will determine whether oral argument is needed after the supplemental briefs are filed.

**IT IS SO ORDERED.**

BY THE COURT:

*Susan J. Dlott*
Susan J. Dlott
United States District Judge